**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CESARE RICCARDI,

Plaintiff,

v.

TOWNSHIP OF MAPLEWOOD, et al.,

Defendants.

Civil Action No.: 25-11323

**OPINION & ORDER**

**CECCHI, District Judge.**

Before the Court is the motion of defendants Township of Maplewood (the "Township" or "Maplewood"), Patrick Wherry, and Paul Kittner to partially dismiss (ECF No. 4; *see also* ECF No. 4-1 ("Br.")) plaintiff Cesare Riccardi's ("Plaintiff") complaint.  ECF No. 1, Ex. A ("Complaint" or "Compl.").  Plaintiff opposed the motion.  ECF No. 14 ("Opp.").  Additionally, defendant Gerald Giaimis ("Giaimis," and collectively with the other defendants, "Defendants") joined the motion to dismiss.  ECF No. 17.  The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, Defendant's motion to dismiss in part is granted.

## I.    BACKGROUND[1]

### A.    Factual History

Plaintiff worked for Maplewood beginning in or about 1998.  Compl., Facts Common to All Claims ¶ 1.  In 2022, he began serving as the Township's Superintendent of Public Works.  *Id.*

As relevant to this motion, Plaintiff alleges that the Defendants made false allegations of criminal activity against him.  *Id.* ¶ 3.  Specifically, he asserts that in or about September 2022, the Defendants told local law enforcement that Plaintiff had initiated and carried out a bid rigging

---

[1] The following facts are accepted as true for the purposes of the motion to dismiss.

1

scheme for contracts relating to certain Township projects. *Id.* As a result of these accusations, Plaintiff was charged with multiple criminal counts by the Essex County Prosecutor's Office. *Id.* ¶ 4. Plaintiff was arrested on March 13, 2023, and thereafter the Township terminated Plaintiff from his position as Superintendent of the Department of Public Works. *Id.* ¶¶ 4–5. Also following his arrest, Plaintiff asserts that Giaimis, a Township Business Administrator, provided an interview to a local news reporter who published a story online on or about March 20, 2023, concerning the "false allegations, criminal charges and Plaintiff's arrest." *Id.* ¶ 8. Plaintiff alleges that the Essex County Prosecutor's Office subsequently dropped the charges against him in July 2024. *Id.* ¶ 11.

### B.    Procedural History

Plaintiff originally filed his Complaint in the Superior Court of New Jersey, Law Division, Passaic County. ECF No. 1 at 3. Defendant Paul Kittner timely removed the action, invoking this Court's federal question jurisdiction based upon Plaintiff's assertion of claims under 42 U.S.C. § 1983. *Id.* ¶¶ 2–3. As relevant to this motion, Plaintiff raises several tort claims for false light invasion of privacy, defamation and slander *per se*, false arrest, and malicious prosecution. Compl. at 10–11 (Counts Four, Five, and Six). Defendants now move to dismiss in part. ECF Nos. 4, 17.

## II.    LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (citation omitted). In

2

evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

### III.    **DISCUSSION**

Defendants raise two arguments in support of their motion to dismiss. First, they argue that the false light invasion of privacy and defamation count is barred by the statute of limitations. Br. at 7–8. Second, they argue that the Township cannot be liable for the intentional torts alleged in the Complaint. *Id.* at 8–10.

### A.    **Plaintiff's False Light and Defamation Claims Are Time-Barred**

Plaintiff asserts false light invasion of privacy and defamation claims against all Defendants. Under New Jersey law, these claims are subject to a one-year statute of limitations. *Mascio v. Mullica Twp. Sch. Dist.*, No. 16-206, 2016 WL 4880511, at *4 (D.N.J. Sept. 13, 2016) (defamation); S*mith v. Datla*, 164 A.3d 1110, 1117 (N.J. Super. Ct. App. Div. 2017) (false light). Plaintiff filed the Complaint in this matter in March 2025. Compl. at 13. Therefore, any conduct underpinning these claims would have needed to take place no earlier than March 2024. As Defendants note, all of the relevant conduct alleged in the Complaint occurred no later than March 2023. Br. at 7–8. Given this, Plaintiff concedes that any false light or defamation claim based on these allegations is time-barred. Opp. at 3. Accordingly, the Court grants Defendants' motion to dismiss these claims.[2]

---

[2] Plaintiff argues that he should be permitted to amend the Complaint should he discover any defamatory conduct that occurred after March 2024 based on the "discovery rule." Opp. at 3–4. This rule permits the tolling of the statute of limitations "where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises." *McClenaghan v. Turi*, 567 F. App'x 150, 155 (3d Cir. 2014) (citation omitted). But "New Jersey courts have repeatedly and consistently held that that the discovery rule cannot, under any circumstances, toll defamation actions." *Baran v. ASRC Fed., Mission Sols.*, 401 F. Supp. 3d 471, 480–81 (D.N.J. 2019) (collecting cases). Thus, although the Court will permit Plaintiff to amend the Complaint, it notes that the discovery rule would not permit the tolling of any defamation claims that would be otherwise barred by the statute of limitations.

**B.      The Township Cannot Be Liable for the Alleged Intentional Torts**

Plaintiff raises two other common law tort claims against all Defendants: (1) false arrest (Count Five) and (2) malicious prosecution (Count Six).  Compl. at 10–11.  Both false arrest and malicious prosecution are intentional torts.  *Moran v. Hawthorne Police Dep't*, No. 24-9196, 2025 WL 842315, at *4 (D.N.J. Mar. 18, 2025) (false arrest); *Ferrara v. Union Cnty. Prob.*, No. 16-9250, 2017 WL 1100567, at *3 (D.N.J. Mar. 22, 2017) (malicious prosecution).  Defendants move to dismiss these claims against Maplewood.  Br. at 8–10.

Maplewood cannot be liable for the asserted intentional torts under New Jersey law.  A municipality cannot form the intent necessary to commit an intentional tort.  *Gilmore v. City of Paterson*, No. 20-9316, 2025 WL 2987105, at *1 (D.N.J. Oct. 23, 2025).  Nor can a municipality be vicariously liable for the intentional torts of its employees.  *Pinkston v. City of Jersey City*, No. 19-13285, 2020 WL 4251485, at *9 (D.N.J. July 24, 2020).  Plaintiff contends that the Township could be liable for the individual defendants' tortious conduct if they were acting within the scope of their employment.  Opp. at 4–5.  This position, however, cannot be squared with New Jersey law.  *See Pinkston*, 2020 WL 4251485, at *9 ("New Jersey Courts have made clear that a municipality cannot be vicariously liable for the intentional torts of its employees." (collecting cases)).  Accordingly, Maplewood cannot be directly or vicariously liable for the alleged false arrest or malicious prosecution claims.  The Court therefore grants Defendants' motion to dismiss the false arrest and malicious prosecution claims against the Township.

IV.     **CONCLUSION**

Accordingly, for the reasons stated above, **IT IS** on this 25th day of March, 2026;

**ORDERED** that Defendants' motions to dismiss in part (ECF Nos. 4, 17) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's false light invasion of privacy and defamation claims are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's false arrest and malicious prosecution claims are **DISMISSED WITHOUT PREJUDICE** as to the Township of Maplewood; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion and Order.  Insofar as Plaintiff submits a further amended complaint, he shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added.  *See* L. Civ. R. 15(a)(2); and it is further

**SO ORDERED.**

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**